## AVERY VS. JUDD and others.

TAX TITLE, *who may acquire—Right of mortgagee to have tax deed adjudged void—Ch. 240, Laws of 1861—Pleading.*

1. One in possession of mortgaged land under deed from the mortgagor, subject to the mortgage, cannot take title as against the mortgagee by tax deed, for taxes which the mortgagor or those holding under him were bound to pay.

2. Where one who holds possession in fact under title derived from the mortgagor subsequently to the mortgage, but not of record, takes a tax deed, it may be that a stranger, purchasing from him without notice of his title and possession under the mortgagor, would acquire a title and possession adverse to the mortgagee.

3. Prior to ch. 240, Laws of 1861, equity would not interfere in behalf of the mortgagee in such a case, to adjudge the tax deed void, unless the complaint showed that the title from the mortgagor to the grantee in the tax deed, was *not* of record. Per DIXON, C. J.

4. But since that act, the mortgagee may maintain an action to avoid the tax deed even where the grantee therein has had his title from the mortgagor put upon record.

APPEAL from the Circuit Court for *Dodge* County.

Action by the assignee of a mortgage of land, executed and recorded in 1853, to have a tax deed of the land adjudged void. The mortgage was made by one Burgit; and it is alleged that he sold and conveyed the premises to one Jones; "and that afterward, in 1859, the defendant *Judd*, through several mesne conveyances, became the owner of the equity of redemption, * * claiming title under said Burgit and Jones, and holding the premises subject to the payment of said mortgage." The tax deed was issued in 1862 to *Judd* as assignee of the certificate of a tax sale to the county made in

1858, for the taxes of 1857 : and the complaint claims that it was taken by *Judd* in fraud of the covenant in the mortgage ; and also alleges various irregularities in the proceedings, rendering the sale invalid.

The defendant appealed from an order overruling a demurrer to the complaint as not stating a cause of action.

*Levi Hubbell,* for appellant :

1. To entitle him to the remedy provided by the statute, sec. 29, ch. 141, R. S., plaintiff must have the *possession* and the *legal title.* 2. Apart from the statutes equity will not interfere except in behalf of a party in actual *possession,* and with at least a *prima facie* legal title. 2 Story's Eq. Jur., §§ 703 et seq.; Mitford's Eq. Pl., 143–4; *Apthorpe v. Comstock,* Hopk., 143 ; *S. C.,* 2 Paige, 483 ; 9 id., 388 ; *Alexander v. Pendleton,* 8 Cranch, 462 ; *Eldridge v. Hill,* 2 Johns. Ch., 281 ; *Alton Ins. Co. v. Burkmaster,* 13 Ill., 201–6 ; *Trustees of Louisville v. Gray,* 1 Litt., 147 ; *Harris v. Smith,* 2 Dana, 10 ; Walker's Ch. (Mich.), 120 ; 1 Doug. (Mich.), 546 ; 14 N. Y., 12–15 ; *Gamble v. Loop,* 14 Wis., 466–7. 3. The action is unnecessary and vexatious. Plaintiff's mortgage is past due, and may be foreclosed. In an action of foreclosure his means of relief against the tax deed are simple and perfect. The complaint shows that the deed is void.

*Lewis & Fribert,* for respondent, argued that plaintiff, as mortgagee, had such an interest in the premises that he could maintain this action. Laws of 1861, ch. 138, sec. 5 ; *Wright v. Miller,* 8 N. Y., 9, 27 ; *Craft v. Merrill,* 14 id., 456 ; *Lounsbury v. Purdy,* 18 id., 515 ; *Gates v. Boomer,* 17 Wis., 455, and cases there cited ; *Anderson v. Hooks,* 9 Ala., 704 ; *Dean v. Madison,* 9 Wis., 407 ; *Mitchell v. Milwaukee,* 18 id., 97. 2. The tax deed to *Judd,* he being the owner of the equity of redemption, was void. *Smith v. Lewis,* 20 Wis., 350. Yet the complaint is good, although it shows the deed to be void for that reason, because, (1) It does not allege that the deeds by which

*Judd* became owner of the equity of redemption were put upon record.   (2) It is only where the illegality of an instrument appears upon the face of the instrument itself, that courts of equity decline to interfere.   As to some of the objections to the tax deed, shown by the complaint, plaintiff was compelled to bring his action at the time he did, or be barred from interposing them.   Sec. 5, ch. 138, Laws of 1861.

DIXON, C. J.   If the title or security of the mortgagee is endangered by the fraudulent acts or misconduct of the mortgagor in possession, I do not doubt the jurisdiction of equity to interfere, to correct the title or to remove obstructions thus thrown in the way.   This will be done at the suit of the mortgagee, or his assignee, not only against the mortgagor but also against any other person in possession of the mortgaged premises under him.   The power to do so results from the relation existing between the parties.   It is a relation of trust, arising from the nature of the contract as a security, and the situation of the parties with respect to the property upon which the security is given.   The mortgagor, and those in possession under him subject to the payment of the mortgage, hold the estate clothed with a fiduciary duty.   The estate, to the extent of his interest, belongs to the mortgagee ; and the mortgagor and his grantees are intrusted with the care of it; and being so intrusted, they are bound in equity and conscience to do no act and to suffer none to be done, which shall destroy the mortgagee's title, or impair his security.   The enforcement of trusts and obligations of this nature is one of the especial subjects of equitable cognizance.   So far, therefore, as the jurisdiction is concerned, I should find no difficulty in sustaining the action, provided it appeared from the complaint that the title or security of the plaintiff was in any real danger.   But I do not think that it does.   *Judd*, as the holder of the estate by conveyance from the mortgagor subject to the mortgage, was pre-

cluded from acquiring title by tax deed as against the mortgagee. He stood in the place of the mortgagor, whose duty it was to have paid the taxes. This was the duty of the mortgagor in possession, not only by virtue of that relation, but more particularly because of the covenant which he had made to pay all taxes. The same duty devolved on *Judd* upon conveyance of the premises to him subject to the payment of the mortgage. It is therefore very properly conceded by his counsel that the tax deed in his hands is utterly void as against the plaintiff; and this being so, I think the other proposition of the learned counsel is also correct, that on the facts stated in the complaint it does not appear that the plaintiff can ever suffer any possible injury on account of it.

The only ground of apprehension suggested for the plaintiff is, that his rights may be barred under the operation of the three years' limitation act for the commencement of actions to recover lands sold and conveyed for the non-payment of taxes, or to avoid the deed. Laws of 1861, ch. 138, sec 5. That act provides that "no action shall be commenced by the former owner or owners of any lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years next after the recording of such deed." The obvious answer to this suggestion is, that so long as the possession remains with the mortgagor, or any person coming in under him, the holder of a subsisting and unsatisfied mortgage has no occasion to bring suit to recover the possession or to avoid the tax deed. To the extent of the mortgagee's interest, and for all the purposes of his protection and security, the possession of the mortgagor is the possession of the mortgagee. The relation of a mortgagor in possession to the mortgagee has been defined as a *quasi* tenancy, and such is the nature of the mortgagor's tenure that it cannot be changed or destroyed by any

act or contract of the mortgagor without the assent of the mortgagee. If the mortgagor conveys or leases, the relation continues to his grantee or lessee, and all are alike estopped from denying the mortgagee's title, or claiming adversely to him. These principles have been long settled by numerous decisions of the highest authority, many of which are collected and referred to in 1 Washburn on Real Estate, pp. 550, 551, to which others might be added were it deemed necessary. It is true that it is provided by statute, that no action shall be maintained by a mortgagee, his assigns or representatives, for the recovery of the possession of the mortgaged premises, until the equity of redemption shall have expired. R. S., ch. 148, sec. 28. But this does not change the relation of the parties. It is in effect the same as if the statute enacted that the tenancy or possession of the mortgagor under the mortgage shall continue at his option until the equity of redemption shall have expired. For the purpose of the plaintiff's security the case stands, therefore, as if he himself were in the actual possession; and he can lose nothing by lapse of time under the statute. He needs no action to recover the possession; and it will be time enough for him to avoid the deed, when title is asserted and possession obtained under it by some one who can claim adversely. Until then it is useless for him to borrow trouble or beat the air, when there is no one who can interpose the slightest obstacle to his rights or his remedy under the mortgage.

These observations are made upon the supposition that the conveyance from the mortgagor to the defendant *Jones*, and the several mesne conveyances from *Jones* to *Judd*, are all of record in the proper register's office, so as to show the source of *Judd's* title of record to be the conveyance from the mortgagor, who conveyed subject to the payment of the mortgage. It is not stated in the complaint whether any of these conveyances are or are not of record; but, I take it, the inference must be

that they were all properly recorded before the execution and recording of the tax deed. If they were of record, then, *Judd's* connection with the title of the mortgagor subject to the mortgage, and his possession under him, and the consequent illegality of the tax deed, all appearing of record, he could not convey to a third person as a *bona fide* purchaser and adverse claimant under the tax deed. If the deeds from the mortgagor to himself were not recorded, then it might be that a conveyance from him to a stranger purchasing for a valuable consideration and without notice of his title and possession under the mortgagor, would operate to invest such stranger with a complete adverse title and possession as against the mortgagee. He might represent the tax deed, which was recorded, as his original and only source of title and possession. In such case, no doubt, the mortgagee would have his remedy by action to prevent the mischief. It is suggested for the plaintiff that the want of any averment in the complaint as to whether the deeds from the mortgagor to *Judd* are or are not recorded, is a sufficient ground for the interference of the court in this case. I think not. If the plaintiff seeks to maintain his action on that ground, he must state facts showing that he has such a cause of action; and if he does not, the complaint is demurrable.

After the foregoing opinion was prepared, but before it was announced, my attention was accidentally called to the act of April 13th, 1861 (Laws of 1861, chap. 240), which upsets all my reasoning upon the law of this case. That act was not cited by counsel on either side, and I presume was unknown to them. And it is no wonder that it was; for in the thirst for innovation and change which seems heretofore to have possessed the legislative branch of our government, resulting in a multiplicity of acts passed at the same and different sessions of the legislature upon the same subject, and especially upon this subject of taxation, some of which are indexed so that they may be found, and others not, an accurate knowledge of our

statute law has become almost impossible. I am told by one who has made our tax laws a study, that there are upwards of seventy distinct amendments of them enacted since the revision of 1858.

The act of April 13th, if still in force, does away entirely with the conclusion at which I had arrived before it was shown to me. It provides, in substance, that the holder of any lien or incumbrance upon land sold for taxes, shall have the same right of action that the owner in fee has, to test the legality or validity of any tax, charge, assessment or tax sale. The owner in fee in possession may institute an action against any other person claiming title thereto, and have such claim, if unfounded, adjudged void or released. R. S., ch. 141, sec. 29. The intention of the act, no doubt, was to extend the same remedy as to taxes and tax sales alleged to be illegal, to a mortgagee or other holder of a lien, notwithstanding he may not have the legal title or actual possession. I am of opinion, therefore, that the complaint states a good cause of action; and the demurrer was properly overruled.

DOWNER, J. I concur in the conclusion that the complaint states a good cause of action, but express no opinion to the effect that but for the act of 1861, the demurrer should have been sustained.

*By the Court.*—The order of the circuit court, overruling the demurrer to the complaint, is affirmed.