PORTER v. LAFFERTY *et ux.*

1. **Mortgage: COVENANTS: TAXES: PRIVIES.** A mortgagor, in a mortgage containing covenants of warranty, is bound to defend the title of the mortgagee against all claims arising out of delinquent taxes existing on the land at the time of the execution of the mortgage.

2. —— He cannot defeat the title of the mortgagee or of a third party who purchases the premises under foreclosure of the mortgage, by buying in the property at tax sale for such delinquent taxes. In such case, the tax title would inure to the mortgagee or to the person purchasing at the foreclosure sale.

3. —— The same rule would apply to one who purchased the premises from the mortgagor, subject to the mortgage, and under the agreement on his part to discharge it. In such case he would be regarded as a privy in estate with the mortgagor and as standing in his place.

*Appeal from Wapello District Court.*

FRIDAY, FEBRUARY 23.

PLAINTIFF filed a petition stating that she is the absolute owner in fee of lot 2, block 95, Eddyville, Iowa, and entitled to immediate possession. That defendants unlawfully keep her out of possession, they claiming title through a tax deed which plaintiff claims they fraudulently procured. Defendants purchased said property of A. J. and M. J. Odem, in 1867, and took a title bond for the same, subject to a mortgage then existing thereon for $450, made by said Odem to Henry Collins, and defendants agreed to pay off said mortgage. Disregarding their agreement to pay they allowed the mortgage to be foreclosed and the property sold to Henry Collins for $594.06 to satisfy the same. November 27, 1869, H. Collins assigned his certificate of purchase of sale to plaintiff; December 5, 1870, the sheriff deeded said property to plaintiff. Defendants, knowing of said mortgage, and their agreement to pay off the same, fraudulently allowed the taxes to remain unpaid until the county treasurer made a deed to J. T. Hackworth for said

property. Defendants were in possession of said property under their purchase from said Odem. Defendants fraudulently procured a quit-claim deed from said Hackworth to said property by false and fraudulent representations as to their being the absolute owners in fee of the same, and by that seek to avoid their former agreement to pay off said mortgage. Plaintiff asks that said tax title may be declared void, and that plaintiff be declared the owner in fee of said premises and entitled to immediate possession thereof.

A sheriff's deed of December 5, 1870, conveying said property to Esther A. Porter, and a county treasurer's deed of October 8, 1870, conveying said property for taxes of 1866, to J. T. Hackworth, were attached as exhibits to the petition. A demurrer to this petition was sustained, and plaintiff's amended re-affirming all the statements in the original petition, and alleging that defendants agreed to pay off the mortgage referred to in the original petition as part of the purchase-money due to A. J. & M. J. Odem for said property, and the same was specifically referred to in a conveyance made to defendants by said Odems. Defendants then took possession, and have ever since been in possession of said property, and that defendants fraudulently, and with intent to defraud plaintiff, allowed the taxes to remain unpaid on said lot, and fraudulently and for the purpose of defrauding plaintiff purchased said tax title, and defendants were made parties to the foreclosure of said mortgage, and had notice thereof, and for the purpose of defrauding plaintiff refused to redeem said lot from sheriff sale, and purchased said tax title fraudulently for the purpose of avoiding the payment of said mortgage debt which he had agreed to pay.

A mortgage with warranty executed and acknowledged, May 4, 1867, by M. J. & A. J. Odem to Henry Collins, was made an exhibit to the amended petition. To this petition the defendants demurred as follows:

1st. "Amended petition fails to show facts constituting a

cause of action; the facts pleaded as fraud not amounting to such, and there being no privity of contract on the part of defendants."

" 2d. Petition pleads facts avoiding the cause of action, showing affirmatively that defendant, T. J. Lafferty, holds the premises in controversy by title paramount to all other titles, the validity of which is not impeached, and of which superior title plaintiff had notice at the time of foreclosure." The demurrer was sustained. Plaintiff appeals.

*Hutchison & Hackworth* for the appellant.

*Fawcett & McNett* for the appellees.

DAY, J. — I. *As to the duty of defendants to pay the taxes upon the lands in question.* It is alleged in the petition as a ground of relief that the defendants, with intent to defraud plaintiffs, allowed the taxes to remain unpaid on said lands. A consideration as to the sufficiency of this averment involves a determination of the question whether defendants were under any legal obligation to pay said taxes; for we apprehend it will not be claimed that their failure to pay them was a fraud, if they were under no obligation, express or implied, to do so. It is not claimed by appellant that defendants made any *express* agreement with any one to discharge these taxes. The duty which it is insisted is cast upon them is *implied* simply from this relation to the title to the lands in question. A brief and clear statement of this relation will greatly aid in determining their rights and duties. On the 4th day of May, 1867, M. J. & A. J. Odem mortgaged the land in controversy, with warranty of title, to Henry Collins. Afterward, in 1867, the precise date not stated, defendants purchased of the said Odems the said property, and took title bond for the same subject to said mortgage, which defendants agreed to pay.

The lands were sold for the taxes of 1866, at what time the petition does not state, and, on the 8th day of October, 1870, were by treasurer's deed conveyed to J. T. Hackworth. December 5, 1870, the sheriff deeded said land to plaintiff, in pursuance of a sale under a foreclosure of said mortgage.

Hackworth executed a quit-claim to defendants, the date not stated. From this statement it appears that the taxes for 1866, under which the lands were sold, were delinquent at the time the Odems mortgaged the lands to Collins, and *a fortiori* at the time of their subsequent sale to the defendants. The mortgage contained covenants of warranty, and hence as between the Odems and their mortgagee Collins, they were under obligations to pay the taxes then due. And, for a failure to do so, they would be liable upon their covenants of warranty. *Devin* v. *Hendershott*, 32 Iowa, 192. The subsequent title bond to the defendants was subject to the mortgage to Collins, but it entitled the defendants to a conveyance with covenants of warranty against all other liens.

As between the Odems then, and both their mortgagee and their vendees, they were under obligations to pay these taxes of 1866, and for a failure to do so would be held liable in damages to the party thereby injured. But defendants purchased the lands and agreed to discharge the mortgage; and it is claimed they thereby became liable to pay also the taxes delinquent, and that their failure to do so constitutes a fraud. We are unable to discover any legitimate process of reasoning by which this burden can be cast upon defendants. Clearly they entered into no agreement to do so. Their *agreement* bound them no further than to discharge the mortgage. Of their failure to discharge the mortgage the Odems might complain, but the plaintiff cannot, for it is through that very failure that her title is derived. More than the discharge of

the mortgage the Odems could not exact, for they required no agreement to do more.

What peculiar relation do the defendants sustain toward the plaintiff, that places them under an obligation to do more than they undertook to do? Why does the failure of the Odems to pay these taxes, and which constitutes a breach of their agreement with both plaintiff and defendants, render the defendants liable to the plaintiff· for that breach? Or what obligation, as to these taxes, rests upon defendants, which is not equally binding upon the plaintiff? The certificate of purchase at the sheriff's sale was assigned to plaintiff on the 27th day of November, 1869. The treasurer's deed was made to Hackworth on the 8th day of October, 1870, which was about the time the period for redemption expired, for the land could not have been sold for the delinquency of 1866, until the first Monday of October, 1867. There was then almost a full year's time, after plaintiff became possessed of the certificate of purchase, within which she could have redeemed from the tax sale. And we know of no reason why she was not under as great obligations to do so as were the defendants. She held a certificate of purchase under a foreclosure of a mortgage containing covenants of warranty against these taxes. The defendants were in possession under a contract of purchase from the mortgagors, which contract obliged them to warrant against the same taxes.

But it seems to us that while either party, for his own protection, might have paid these taxes, neither was under obligation to do so. This obligation rested upon the Odems, the mortgagors and vendors, and for a failure to discharge it they alone are liable. It seems to us too clear for discussion that the defendants, by their purchase of these premises and agreement to pay off the mortgage, are under no implied obligation to plaintiff to pay taxes due thereon at the time of their purchase, and that their failure to do so is no fraud upon plaintiff.

II. *As to the purchase by defendants of the tax title from Hackworth.* The plaintiff alleges that this was fraudulent, the fraud consisting in their false and fraudulent representations that they were the absolute owners in fee of the property. No objection is made to the tax title of Hackworth. So far as appears that was in all respects regular, and conveyed to him a title to the property as against all the world. Hackworth, by his purchase, became vested with absolute dominion over the property. It was his either to sell or retain. No one could control him in the legitimate use of this property. He was under no obligation to sell to any one, nor to sell to plaintiff in preference to any one. This being the nature of Hackworth's proprietorship, plaintiff claims that he has been defrauded because the defendants obtained a deed from Hackworth by falsely stating to him that they were the owners in fee. Now, we can readily see how Hackworth might complain of this treatment, but it is not quite so apparent how it constitutes a fraud upon plaintiff. True, Hackworth, by his conveyance to defendants, has placed it out of his power to convey to plaintiff, but he was under no obligation, and *non constat* that he ever would have been willing to do so. But concede that he would have been willing to do so, and what has plaintiff lost? Not any legal right. Not any thing which she is in condition to demand.

Simply a concession which would have been made her through favor. The legal rights are just the same now as before the defendants' purchase. If Hackworth's title was good, she could not have disturbed it then; and if bad, it is equally vulnerable in the hands of the defendants, his grantees.

So that the most that can be claimed is that plaintiff has, by defendants' purchase, lost the *possibility* of inducing Hackworth to convey, for a consideration, his tax title to her.

We feel clear that this furnishes her no legal ground of complaint.

III. *As to the effect of the defendants' purchase.* The Odems by their mortgage with covenants of warranty became bound to defend the title of the mortgagee against any claim arising out of these delinquent taxes. If the Odems had purchased this tax title it would have inured to the benefit of their mortgagee, and their covenants of warranty would have estopped them from asserting this after acquired title, in hostility to their prior conveyance.

This being the qualification upon the rights of the Odems, they sold to defendants, who had knowledge of the existence of the mortgage and undertook to discharge it. Purchasing this property under these circumstances, with full knowledge of the conditions imposed upon their grantors, they became privies in estate, and, so far as their relation to this title is concerned, substituted in the place of their grantors. The Odems could not buy in an outstanding title to defeat that of the mortgagee; and they could, in this regard, convey no greater rights than they possessed. Hence the title acquired by the defendants through this tax sale inures to the benefit of plaintiff, and defendants are estopped from asserting it in opposition to her title.

And this is true, notwithstanding the defendants, as to the plaintiffs, could not have been made liable in damages for a mere failure to pay these taxes, and without reference to any fraudulent practices in obtaining the deed from Hackworth.

From these views it follows that the demurrer should have been overruled.

Reversed.