## STEARS v. HOLLENBECK.

**Tax Title:** TAX DEED: MORTGAGE. A tax deed acquired by a grantee of real estate under a warranty deed, which excepts from its covenants an existing mortgage, and all back taxes, will not defeat the mortgage in an action against him and the mortgagor, such tax deed having been executed subsequent to the purchase from the mortgagor.

*Appeal from Bremer Circuit Court.*

WEDNESDAY JUNE 17.

ACTION in chancery to foreclose a mortgage. There was a decree for plaintiff. Defendant Hollenbeck appeals. The facts appear in the opinion.

*H. P. Brown,* for appellant.

*Gray, Dougherty & Gibson,* for appellee.

BECK, J.—Hollenbeck purchased the premises, after the mortgage in suit was executed, from the mortgagors and received from them a warranty deed, excepting from its covenants the mortgage and all back taxes. The mortgagors are united with him as defendants herein. As a defense to the action he pleads that he holds title to the land under a tax deed executed, after his purchase and deed from the mortgagors, upon a sale for taxes before due and delinquent, and which are therefore excepted from the warranty of the deed to him. Plaintiff, replying to Hollenbeck's answer, sets up substantially the same facts, and avers that he holds title and possession of the land under his deed from the mortgagors, and that he procured the tax deed for the purpose of cutting off plaintiff's mortgage. Hollenbeck moved to strike out the reply of plaintiff on the ground that it presented no facts that avoids the matters of his answer. He also demurred to the same pleading on the like grounds. Both motion and demurrer were overruled. Hollenbeck standing upon his demurrer, a decree was thereupon rendered for plaintiff against him.

The question presented by the case is this: . Under the facts

shown by the pleadings could Hollenbeck, set up the title acquired by him under the tax deed to defeat plaintiff's mortgage?

He had notice of both the mortgage and the delinquent taxes upon the land at the time of his purchase and deed from the mortgagors. The rehearsal of the fact that the taxes stood against the land found in the deed by the mortgagors, conveyed such notice to him. By releasing the mortgagors from their obligation to pay the taxes, of which he had notice, he cannot deny that he undertook their payment himself, for the law will presume that as a good citizen he did not intend to defeat the State of its revenue, but to pay the taxes which bound his own property.

*TAX DEED: mortgage.*

As it became his duty upon acquiring the title and possession of the land to pay the taxes, he could acquire no right or title to the land, by a neglect of such duty, which would defeat plaintiff. *Anson v. Anson,* 20 Iowa, 56. It has been held that one in possession of, and claming title to land acquires no additional right by a tax deed, if the taxes were a lien upon the land when he took possession. *Lacy v. Davis* 4 Mich. 140; *McNinn v. Whelon,* 27 Cal., 300; *Moss v. Shean,* 25 Cal., 38; Blackwell on Tax Title, p. 399–400; *Kelsey v. Abbott,* 13 Cal., 609.

It has also been held, in cases similar to the one before us, that the grantor, if a mortgagor, cannot acquire, through a tax sale and deed, a title which will defeat the mortgage. *Porter v. Lofferty,* 33 Iowa, 254; *Avery v. Judd,* 21 Wis., 262; *Smith v. Lewis,* 20 Wis., 350.

In our opinion the judgment of the Circuit Court, holding that Hollenbeck's tax title, under the facts presented in the pleadings, would not defeat plaintiff's mortgage is correct.

AFFIRMED.