## FAIR v. BROWN ET AL.

1. **Tax Sale:** MORTGAGOR CANNOT ACQUIRE TITLE BY. A mortgagor or one claiming under him cannot defeat the lien of the mortgagee by acquiring a tax title upon the land.

2. ————: MORTGAGE: NOT DEFEATED BY TAX TITLE. A lien holder cannot acquire a title by purchase at tax sale which shall defeat the lien of another incumbrancer.

| | |
|---|---|
| 40 | 209 |
| 87 | 652 |
| 40 | 209 |
| 108 | 267 |
| 40 | 209 |
| 119 | 288 |
| 40 | 209 |
| e121 | 377 |
| 40 | 209 |
| 137 | 348 |

*Appeal from Winneshiek District Court.*

THURSDAY, MARCH 18.

ACTION to foreclose a mortgage executed by the defendants, Brown and others. Weiser is made a defendant, as one claiming some interest in the mortgaged premises, which is claimed to be subject to the mortgage. There was a decree foreclosing the mortgage subject to certain judgments held by defendant, Weiser, which are declared to be prior to the lien of plaintiff's mortgage. Defendant, Weiser, appeals.

VOL. XL.—14

*E. E. Cooley*, for appellant.

*Levi Bullis*, for appellee.

BECK, J.—The defendant, Weiser, in addition to the judgments held by him, which are protected by the decree of the court, held also a mortgage on part of the lands covered by plaintiff's lien, which was executed and recorded after the mortgage sued upon. He is also the holder of a tax title upon all of the lands covered by plaintiff's mortgage except one forty-acre tract. He claims to own the fee simple title of the lands covered by the tax deeds under which he holds, discharged from the lien of plaintiff's mortgage. No question arises as to his mortgage, for it is junior to plaintiff's, and none are presented involving his judgments, for the court properly found the liens thereof prior to plaintiff's mortgage, and so provided for their enforcement in the decree. The only questions in the case involve defendant's tax title. The undisputed facts of the case, as far as that title is concerned, are as follows: While defendant held the liens, both judgment and mortgage, and after the commencement of this suit, he acquired the certificates of the sale of the land for taxes under an agreement that the mortgagor should have an extension of time for redemption. No redemption having been made, the defendant took the deeds for the land. This was not done by the consent of the mortgagor, or under an arrangement with him.

The question presented for our determination is this: May one incumbrancer defeat the lien of another by acquiring a tax title upon the land bound by the lien of each?

A mortgagor, or one claiming title under him, cannot defeat the lien of the mortgagee by acquiring a tax title upon the land. *Porter v. Lafferty*, 33 Iowa, 254; *Stears, administrator, v. Hollenbeck*, 38 Iowa, 550. The rule, in these cases, is based upon the obligation of the mortgagor, or the party claiming under him, to pay the taxes; therefore, the act of the party acquiring title through his own default, is held to be fraudulent. In the case before

1. TAX SALE: mortgagor cannot acquire title by.

Fair v. Brown.

us no such obligation rested upon defendant, for he was simply a lien holder and was bound neither by the law nor contract to pay the taxes which were the foundation of his tax title.

But in another view his act is fraudulent against the plaintiff and the mortgagor. The land is a common fund for the payment of plaintiff's mortgage and defendant's liens. Defendant was authorized to redeem from the tax sale. *Rice v. Nelson*, 27 Iowa, 148. Equity will not permit him to acquire the title for an inconsiderable sum when he was authorized to remove the trifling incumbrance by redemption. Though not bound to pay the tax, yet it was his right to do so to protect his own liens. He cannot obtain that protection by pursuing a course that will deprive the mortgagee of his security and leave the mortgagor to sustain the weight of the liens, which are personal judgments, after being deprived of his property by tax title. Equity will relieve against such oppression, and teach the grasping creditor moderation in his demands, and that he cannot destroy others to build up his own fortunes.

AFFIRMED.

2. ——: mortgage not defeated by tax title.

The cost of appellee's argument will be taxed against him. Several errors occur in it which satisfy us that the proof was not read by counsel, or if read, it was carelessly done. These errors gave us trouble in the examination of the case. Counsel cannot expect us to allow costs for printing of this kind.