CALEB W. GORTON ET UX., APPELLANTS, VS. SAMUEL PAINE ET ALS., APPELLEES.

1. After sale under foreclosure proceedings, a court of equity has power co-extensive with its jurisdiction over the subject-matter, to award orders directing a party in possession to surrender to the purchaser.

2. As a general rule, such an order will follow in cases where the party in possession was a defendant to the suit. Where, however, the person in possession is a mere stranger, who entered into possession before the suit was begun, he cannot be dispossessed by an execution on the decree.

3. Where the subject-matter of a suit arises primarily from the relations of first and second mortgagee, with reference to the mortgaged premises, the matter is one peculiarly the subject of equitable cognizance. If the second mortgagee in possession is a party to a foreclosure suit, and he claims under a tax title from the State obtained by him while he was the owner of the right and equity of the mortgagor, the purchaser under the foreclosure proceedings is not remitted to a court of law to recover possession of him.

4. An answer to a rule to show cause why a writ of possession should not be awarded against a defendant to a suit, should set up the facts constituting his defence in such manner that they may be understood by the other party who is to answer them, and by the court giving judgment. A second mortgagee who was a party to a foreclosure suit by the first mortgagee, answers to a rule to show cause why the purchaser should not be awarded possession as against him that he holds by a title derived from the State of Florida. This is not sufficiently certain, as it is possible that as the

holder of one character of deed from the State he might hold by a paramount title which would put the purchaser to his action at law ; while if he is the holder of a tax title acquired while he was a second mortgagee, the court of equity has jurisdiction.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*H. A. Pattison* for Appellants.

*J. W. Archibald* for Appellees.

Mr. Justice Westcott delivered the opinion of the court.

The appellants filed their bill in the Circuit Court of the State of Florida, for the Fourth Judicial Circuit, in Duval county, to foreclose a mortgage executed by Paine and wife, the defendant, Sarah A. Day, in possession under foreclosure proceedings before that time had, as a second and prior mortgagee, being made a defendant. This is the case made by the bill. After the entry of an order taking the bill as confessed, the defendant, Sarah A. Day, set up by way of answer that she was the owner of the real estate upon which plaintiffs sought to foreclose their mortgage by virtue of a deed executed by the Clerk of the Circuit Court of Duval county, (deed dated January 13, 1879,) issued upon a certificate purchased by her from the Comptroller of the State of Florida for the unpaid State and county taxes assessed against said premises for the year A. D. 1874. Exceptions were taken to this answer. The exceptions were sustained and the defendant's attorney filed another answer setting up substantially the same facts as that contained in the first answer, except that she asserted that she held her possession under this deed as a title paramount and superior to that of the plaintiffs, the first mortgagees. This answer was struck from the files. Upon the report of a mas-

ter there was a final decree of foreclosure and sale. In the meantime defendant, Day, had asked to be dismissed as a defendant to the suit, and such request was denied. There was a sale had under the decree, the plaintiffs becoming the purchasers. A deed to the premises was executed to them, the sale by the master having been confirmed.

Upon motion of plaintiffs, and by consent of defendant, Sarah A. Day, a rule upon the defendant, Sarah A. Day, to show cause why a writ of possession should not issue against her, and requiring her to show under what right she claimed to hold possession of the premises, was issued. To this rule Sarah A. Day answered that " she is the owner of the premises sold under the decree granted in this cause by a deed from the State of Florida, made and executed and delivered to her ; that she claims title to said premises by a title paramount to the title obtained by said Olive P. Gorton under said decree, and that said title is adverse to both the mortgagor and mortgagees in said cause ; that she is in possession of said premises lawfully obtained, and that she claims the right to hold possession of the same as the owner under the deed aforesaid."

The court pronounced the answer sufficient and discharged the rule.

The plaintiffs appeal from this order. It is thus seen that neither party appeals from the final decree in the fore-closure suit, and the proceedings therein cannot be reversed or affirmed for any error therein, if there be such error, as to which we say nothing.

The simple question presented is, whether the answer to the rule was sufficient.

This leads us to enquire when a writ of possession will be granted. After such proceedings as were had in this foreclosure suit, there is no question of the power of a court of equity in a proper case to award an order directing the

party in possession to surrender to the purchaser, and such an order as a general rule will follow in cases where the party in possession was a party defendant to the suit. But if the person in possession was not a party to the suit, and is a mere stranger who entered into possession before the suit was begun, he cannot be turned out of possession by an execution on the decree.

Chancellor Kent says of this power of a court of equity, in such suits as this (4 John. Chy., 609,) that the power to apply the remedy is co-extensive with the jurisdiction over the subject-matter. The subject-matter here arises primarily from the equitable relations of a first and second mortgagee with reference to the mortgaged premises, and it is hardly necessary to say that these relations are peculiarly the subject of equitable cognizance. While the general rule in cases where the party in possession is a defendant to the suit is as stated, and while the relations as disclosed by the bill are the subjects of equity jurisdiction, yet if a person in possession shows a right paramount to the mortgage the court will not attempt to decide any question of legal title, and the possession must then be sought for by proceedings at law: In this view of the law, as we conceive it to be, the question is, does this answer to the rule show a right paramount to the mortgage. The answer sets up a title acquired from the State of Florida, which the defendant alleges is paramount to the mortgage. It gives no date of the deed. When she acquired this title, whether during the time she was a second mortgagee out of possession, or when she was in possession after her foreclosure suit, or whether it was before the existence of the first mortgage, or whether the title she acquired was a tax title, or a deed from the State to lands in which the State had a proprietary interest, is not stated. The principle and general rule as to the statement of facts in pleadings of this character

is that they must be set forth with certainty, by which is meant a clear and distinct statement of the facts which constitute the ground of defence, so that they may be understood by the party who is to answer them, and by the court who is to give judgment.   Now the law is unquestionably that a second mortgagee cannot set up a tax title as against a prior mortgagee.   20 Wis., 350; 21 Wis., 262; 40 Iowa, 209 ; 33 Iowa, 254 ; 38 Iowa, 550; Jones on Mortgages, 680.   The rule upon this subject, as announced by the Supreme Court of Iowa, is that as between a first and second mortgagee of land equity regards the land as a common fund for the payment of both liens, and that it is an act of fraud for a second mortgagee to thus acquire by tax sale a title to the land, and use it to destroy the claim of the prior mortgagee.   The second mortgagee in this suit was the holder of the equity of the mortgagor, and stood in his place.   Neither the mortgagor nor the second mortgagee, who had the mortgagor's right and equity, could, by tax deed, thus acquire an absolute title as against the prior mortgagee.

In this view of the law upon the subject, it is clear that the answer to this rule did not set up the facts with sufficient certainty for any one to determine the precise nature of defendant's claim.   The Circuit Court should have pronounced the answer insufficient for want of certainty, with leave to make such amendments as would enable the court and the other party to understand what title the defendant relied upon.

The order discharging the rule is set aside, and the case is remanded for further proceedings consistent with this opinion.