No. 9216.

MORRISON ET AL. *v.* THE BANK OF COMMERCE.

TAXES.—*Complaint to Enjoin Execution of Deed for Land Sold.*—A complaint to enjoin a city treasurer from executing a deed for real estate sold for taxes, which avers that the owner of the property, at the time of the sale, had sufficient personal property in the county out of which the tax could have been collected, is good on demurrer.

SAME.—*Sale of Real Estate, When Owner has Personal Property.*—A sale of real estate for taxes, while the owner has sufficient personal property out of which the taxes could have been satisfied, is void.

SAME.—*Agreement to Bid Jointly at Tax Sale.*—*Public Policy.*—An agreement made between two or more persons to bid jointly upon property at a tax sale, if not made to prevent bidding, for the purpose of protecting their own interests, is not fraudulent in law, and will not vitiate such sale.

SAME.—*Judgment Lien-Holders May Purchase.*—When one holds a judgment lien upon real property offered for sale for taxes, he has the right to pay the taxes, but this right does not impose upon him the duty to pay them, nor does it prevent him from acquiring title to such property by purchase at such tax sale.

From the Marion Superior Court.

*S. Claypool, H. C. Newcomb, W. A. Ketcham* and *J. T. Lecklider,* for appellants.

*J. M. Judah* and *A. S. Caldwell,* for appellee.

BEST, C.—The appellee brought this action against William H. Morrison and several other persons, partners under the firm name of the " Indiana Banking Company," William M. Wiles, treasurer, and Benjamin C. Wright, clerk of the city of Indianapolis, and Daniel W. Grubbs, to quiet the title to some real estate, to set aside a sale of the same for taxes and to restrain the officers of said city from executing a deed to the purchasers in pursuance of such sale.

The complaint averred in substance that the appellee is a corporation, and that it owns lots 1 and 2 in square 46 in the city of Indianapolis, Marion county, Indiana; that on the 17th day of February, 1877, one Nicholas R. Ruckle, from whom the appellee derived its title, owned said lots, and on said day the treasurer of the city of Indianapolis sold said lots to Daniel W. Grubbs and Thomas Cottrell for $3,374.95, which was the amount of taxes due thereon, and issued to them a certificate of sale; that afterwards said Cottrell assigned his interest in said certificate, which was one-half, to one Francis M. Churchman, who afterwards assigned it to the appellee; that, at the time and before such sale, said Nicholas R. Ruckle was a resident and citizen of Indianapolis, Marion county, Indiana, and had sufficient personal property out of which said taxes could have been collected; that at said sale said Daniel W. Grubbs and Thomas Cottrell each proposed to and intended to be competing bidders on such property, but for the purpose of preventing competition at such sale, and to enable each to purchase for one-half of said tax more of said property than they

·otherwise could ˙do, they secretly and corruptly combined, ·conspired and agreed not to bid against each other, nor to bid ·separately for any part of said property, but agreed to bid the whole off together, which they did in pursuance of said agree-· ment; that said Grubbs was acting for the Indiana Banking Company, and that said company claims to be the equitable ·owner of one-half of said certificate; that the appellee, on the 8th and 12th days of February, 1879, tendered to the Indiana Banking Company, to Daniel Grubbs and to the treasurer of the city of Indianapolis, $1,900 in redemption of one-half of ·said certificate, but that each refused to receive said money, ·and the appellee now brings the same into court for such of the parties as may be entitled to the same; that said Indiana Banking Company and said Grubbs are claiming title to said property by virtue of said certificate, are threatening to pro- ·cure a deed for the same, and the treasurer and the clerk of ·said city are threatening to execute a deed for said property, which they will do unless restrained. Wherefore, etc.

A demurrer to the complaint for want of facts was over- ·ruled.

The Indiana Banking Company and Daniel W. Grubbs then filed an answer of two paragraphs.

The second paragraph admitted the purchase of the prop- erty at the price named, and then proceeded as follows: " But they deny the combination as charged between said Grubbs and said Cottrell, and they deny that said Grubbs and said Cottrell were prepared to, or intended to bid on said real es- tate as competing bidders, but on the contrary these defend- ants, except said Grubbs, were at the time of said tax sale judgment creditors of said Nicholas R. Ruckle, and had a lien as such creditors on said real estate by virtue of their said judgment, which judgment was recovered in the superior court of said Marion county, Indiana, on the 12th day of September, 1876, for the sum of $1,065 and costs of suit, ·and which judgment is still unsatisfied; and said Grubbs was

employed by the other defendants answering herein, to attend said tax sale and bid off said real estate, or so much thereof as might be sold to pay the taxes delinquent thereon and the legal costs and charges for the protection of the judgment lien of these said defendants; or to so bid, in conjunction with other creditors of the said Ruckle, who might choose to join in such purchase, as to prevent an adverse lien from attaching to said property by reason of such sale. And said Cottrell, in making said purchase with said Grubbs, was acting as the agent of Francis M. Churchman, who was also a judgment creditor of said Ruckle, and for the purpose of protecting the interest of their said principals, said Grubbs and Cottrell agreed to bid on said property jointly for the joint benefit of their said principals and not otherwise. Wherefore defendants say there was no illegal combination, fraud or wrong on the part of said Grubbs and Cottrell in making said purchase."

It is further averred that said Grubbs purchased said property as the agent of the persons composing the Indiana Banking Company, and that he did not then nor has he now any interest in said certificate, but the same belongs to said company. All other averments in the complaint are denied.

A demurrer for want of facts was sustained to both paragraphs of the answer, and, the defendants declining to further plead, final judgment was rendered against them.

The assignments of error question the rulings of the court in overruling the demurrer to the complaint, and in sustaining the demurrer to the second paragraph of the answer.

The only objection urged to the complaint is that it does not state facts sufficient to authorize an injunction. If it stated facts entitling the party to any relief, it was sufficient upon demurrer. *Searle* v. *Whipperman,* 79 Ind. 424.

The facts averred showed that the sale was void. *McWhinney* v. *Brinker,* 64 Ind. 360. Aside from the unlawful combination among bidders as averred, it was alleged that there was plenty of personal property out of which the taxes could

have been collected, and a sale, under these circumstances, is illegal and void. *Abbott* v. *Edgerton,* 53 Ind. 196; *Ward* v. *Montgomery,* 57 Ind. 276; *Smith* v. *Kyler,* 74 Ind. 575.

The complaint was sufficient, and the demurrer properly overruled.

The remaining question is as to the sufficiency of the second paragraph of the answer. The complaint averred that the property was purchased in pursuance of an unlawful agreement made between the purchasers, whereby competition among bidders was prevented. The answer denied that the purchasers intended to bid separately upon the property, and then averred that the principal of each of them had a judgment lien upon the property; that said purchasers, for the purpose of protecting such liens, and of preventing an adverse lien from attaching to the property, agreed to jointly bid off said property for the benefit of their principals, and for no other purpose.

The law is well settled, that any arrangement entered into between persons to prevent competition among bidders at an auction sale is a fraud upon the owner of the property, and will vitiate any sale affected by it. Freeman Ex., sec. 297; *Dudley* v. *Little,* 2 Ohio, 504; *Hunt* v. *Elliott,* 80 Ind. 245.

It is equally well settled, that two or more persons may unite in bidding off property, if their purpose in so doing is not to prevent competition among bidders, but is for an honest and lawful purpose. *Hunt* v. *Elliott, supra; Phippen* v. *Stickney,* 3 Met. 384.

In the case last above cited, it was said: " That where such arrangement is made for the purpose and with the view of preventing fair competition, and by reason of want of bidders to depress the price of the article, offered for sale, below the fair market value, it will be illegal, and may be avoided as between the parties, as a fraud upon the rights of the vendor. But, on the other hand, if the arrangement is entered into for no such fraudulent purpose, but for the mutual convenience of the parties, as with the view of enabling them to become

purchasers, each being desirous of purchasing a part of the property offered for sale, and not an entire lot, or induced by any other reasonable and honest purpose, such agreement will be valid and binding."

This extract expresses the law correctly upon this subject, and, we think, the averments of the answer bring the purchasers within the rule announced. The agreement of the purchasers to bid upon the property jointly, for the protection of their liens, did not necessarily prevent competition among bidders at the sale, and as it is averred that it was not made for such purpose, it was not an unlawful agreement. It is true that the agreement prevented any competition between these purchasers, but this competition they had the right to control for the protection of their own interests. They were under no obligation to bid against each other, and their omission to do so, whether by agreement or otherwise, if not done for the purpose of preventing competition among bidders, will not impair the validity of such sale.

The appellee, however, insists that if the sale, under the circumstances stated in the answer, was not fraudulent, yet, as the principals of the purchasers were lien-holders, the purchase will enure to the benefit of the estate, and that appellants can not acquire title through such sale. This depends upon the relation the lien-holders sustain to the owner. The principle is universal, that if one person sustains such relation to the owner of property as imposes the duty upon him to pay the taxes, such person can not acquire title to such property by permitting it to be sold for taxes, and becoming himself the purchaser. Burroughs on Taxation, page 355; *Shanklin* v. *Franklin L. Ins. Co.*, 77 Ind. 268.

The lien-holder, however, was under no obligation to pay the taxes, but by statute was authorized to do so, and to collect them in the same manner as the original lien. Section 251, 1 R. S. 1876, p. 127.

The question arises whether the right to pay the taxes precludes the lien-holder from acquiring title to the property at

a tax sale. The appellees insist that such purchasers take the title as trustees and hold it for the benefit of the owner of the fee as well as all creditors. In support of this doctrine they cite *Bouton* v. *Lord,* 10 Ohio St. 453; *Fisk* v. *Brunette,* 30 Wis. 102; *Fair* v. *Brown,* 40 Iowa, 209; *Porter* v. *Lafferty,* 33 Iowa, 254; *Stears* v. *Hollenbeck,* 38 Iowa, 550. In *Porter* v. *Lafferty,* and *Stears* v. *Hollenbeck,* it was the duty of the purchasers to pay the taxes, and for that reason it was held that they could not acquire title to such lands at tax sales. In *Fisk* v. *Brunette,* the purchaser held the legal title as a trustee for the owner, and it was held that he could not acquire title through tax certificates purchased by him as such purchase was for the protection of the title. In *Bouton* v. *Lord,* the question arose between different lien-holders and not between a lien-holder and the owner of the fee. None of the cases thus noticed support the doctrine for which they are cited. In *Fair* v. *Brown, supra,* the question arose between a mortgagee and the purchaser, who also held a junior mortgage and some judgments which were prior liens, and it was held that he could not acquire title by his purchase. The court said: "Defendant was authorized to redeem from the tax sale. * * * Equity will not permit him to acquire the title for an inconsiderable sum when he was authorized to remove the trifling incumbrance by redemption. Though not bound to pay the tax, yet it was his right to do so to protect his own liens." This language seems to support the position of the appellees, but we know of no case that holds as between the judgment lien-holder and the owner, that the former may not acquire title to the property at a tax sale, and are not inclined to adopt such rule. We are of opinion that the mere right to pay the taxes imposes no such duty upon the lien-holder, and creates no such relation between him and the owner as to preclude the former from becoming a purchaser at a tax sale. For these reasons we think the second paragraph of the answer was good, and that the court erred in sustaining the demurrer to it.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the general term be and it is hereby reversed at the appellee's costs.

WOODS, J., dissents.