T. Edward Kane and Jennie C. Kane, his wife, W. F. Zimmerman, and Elizabeth B. Dean, *Appellants*, vs. W. H. Eustis and Florence Eustis, his wife, *Appellees.*

143 So. 655.
Division B.
Opinion filed September 28, 1932.

*E. L. Bryan,* for Appellants;
*Baya & Baya,* and *James D. Moran,* for Appellees.

Davis, J.—One O. M. Dean purchased a tax certificate for 1926 taxes due on the property involved in this suit, and held the same until August, 1928, when he assigned it to Elizabeth B. Dean, who afterwards obtained a tax deed thereon. Later Elizabeth B. Dean by quit claim deed conveyed her interest in the property acquired under the tax deed, to one W. F. Zimmerman. Zimmerman at that time held a second mortgage on the property against the original owner who had let the land sell for its taxes.

The Chancellor ruled in the suit below brought by the first mortgagee to foreclose his mortgage, and to establish his priority as against Zimmerman, the second mortgagee, that Zimmerman's acquisition of a quit claim deed from Elizabeth B. Dean, the grantee in the above mentioned tax deed issued on the mortgaged property, did not convey to him such paramount title against the first mortgagee as would defeat the foreclosure of the first mortgage or supersede its priority as a first mortgage lien superior to the rights of Zimmerman as a second mortgagee.

The appeal here is from a final decree of foreclosure rendered in favor of the first mortgagee, which decreed the rights of Zimmerman, the second mortgagee and holder of the quit claimed tax title, to be subordinate to the lien of the first mortgage.

The true rule governing situations like the present was laid down by this Court in the case of Gorton v. Paine, 18 Fla. 117, where this Court, speaking through Mr. Justice Wescott, said:

"Chancellor Kent says of this power of a court of equity in such suits as this (4 John. Chy., 609) that the power to apply the remedy is co-extensive with the jurisdiction over the subject-matter. The subject-matter here arises primarily from the equitable relations of a first and second mortgagee with reference to the mortgaged premises, and it is hardly necessary to say that these relations are peculiarly the subject of equitable cognizance. While the general rule in cases where the party in possession is a defendant to the suit is as stated, and while the relations as disclosed by the bill are the subjects of equity jurisdiction, yet if a person in possession shows a right paramount to the mortgage the court will not attempt to decide any question of legal title, and the possession must then be sought for by proceedings at law. In this view of the law, as we conceive it to be, the question is, does this answer to the rule show a right paramount to the mortgage. The answer sets up a title acquired from the State of Florida, which the defendant alleges is paramount to the mortgage. It gives no date of the deed. When she acquired this title, whether during the time she was a second mortgagee out of possession, or when she was in possession after her foreclosure suit, or whether it was before the existence of the first mortgage, or whether the title she acquired was a tax title, or a deed from the State to lands in which the State had a propriety interest, is not stated. The principle and general rule as to the statement of facts in pleadings of this character is that they must be set forth with certainty, by which

is meant a clear and distinct statement of the facts which constitute the ground of defense, so that they may be understood by the party who is to answer them, and by the court who is to give judgment. Now the law is unquestionably that a second mortgagee cannot set up a tax title as against a prior mortgagee. 20 Wis. 350; 21 Wis. 262; 40 Iowa 209; 33 Iowa 254; 38 Iowa 550; Jones on Mortgages, 680. The rule upon this subject, as announced by the Supreme Court of Iowa, is that as between a first and second mortgagee of land equity regards the land as a common fund for the payment of both liens, and that it is an act of fraud for a second mortgagee to' thus acquire by tax sale a title to the land, and use it to destroy the claim of the prior mortgagee. The second mortgagee in this suit was the holder of the equity of the mortgagor, and stood in his place. Neither the mortgagor nor the second mortgagee, who had the mortgagor's right and equity, could, by tax deed, thus acquire an absolute title as against the prior mortgagee.''

While in the case before us no obligation rested upon Zimmerman, as a second mortgagee, to pay the taxes on the land for the benefit of the owner, for he was simply a lien holder, and was bound neither by the law nor by his contract to pay the taxes which were the foundation of his after acquired tax title, yet the land on which his second mortgage was a lien is to be regarded as a common fund for the payment of both the first and second mortgages, which fact entitled either or both of them to redeem from the tax sale,* or to accomplish the same result by buying from another the interest, if any, acquired by him under a tax deed procured for non-payment of the taxes accruing against the mortgaged land.

Under such circumstances equity will not permit one encumbrancer to either directly, or indirectly, acquire a superior title based on a tax deed, during the pendency

---

*A statute confers special privileges on a mortgagee with respect to this. See Section 5750 C. G. L., 3847 R. G. S.

of his encumbrance as against another encumbrancer under either an equal or a superior encumbrance existing on the same property, though the encumbrancer acquiring the tax title was neither by law nor contract bound to pay the taxes for the non-payment of which the land was sold at tax sale.

In such cases equity will relieve against the oppression of an asserted superior tax title, whether acquired directly or indirectly, by a second mortgagee, on the principle that, as between encumbrancers, such an act in seeking to acquire a superior title, rather than redeem from the taxes, is to be regarded as fraudulent in effect, and therefore inequitable. Fair v. Brown, 40 Iowa 209.

In the case now before us, the Court below properly ruled that the tax title attempted to be asserted by appellant was not paramount to the rights of the first mortgagee, though such tax title was acquired from a third person who quit claimed his rights to appellant thereunder.

But the Court erred in holding that appellant Zimmerman's rights based on the tax deed were inferior and *subordinate* to the rights of the first mortgagee.

By acquiring a quit claim of the title conveyed under the tax deed from Elizabeth B. Dean, appellant became subrogated to her rights as a holder of a tax lien which entitled her to have precedence in the collection of her tax investment as against both the first and second encumbrancers.

While on equitable principles a Court of equity will refuse to permit a second encumbrancer to *assert* as a paramount title, rights conveyed under a tax deed acquired by him covering taxes which he was permitted to redeem from but not bound by law or contract to pay, for the benefit of the owner of the prior encumbrancer, it will likewise on equitable principles subrogate a second mortgagee, who has borne the burden of

discharging the tax encumbrance, to the prior rights of the tax lien holder, and decree the amount of his outlay to be first paid out of the proceeds realized on foreclosure. See Section 1026 C. G. L., 795 R. G. S.

The decree appealed from is affirmed in part and reversed in part, and the cause remanded for modification of the decree of foreclosure in accordance with the views expressed in this opinion.

Affirmed as modified.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.