J. S. QUINBY, *Appellant, v.* JOHN MEYER, *et al., Appellee.*

148 So. 869.

Division B.

Opinion filed June 9, 1933.

*Buie* and *Hipler,* for Appellants;

*Jordon* and *Fielding,* for Appellees.

BUFORD, J.—This was a suit to enjoin the issuance of a tax deed which' was applied for by one John Meyer to be issued by George J. Dykes as Clerk of the Circuit Court of Lake County, Florida. J. S. Quinby was the complainant in that suit and is appellant here. Ada C. Jones acquired title to the property from C. Rogers Wells as Special Master under a foreclosure sale wherein Ada C. Jones and Charles Isted as co-executors of the Last Will and Testament of H. M. Cornell, deceased, were complainants, and Warren A. Getch and his wife, Alice Alberta Getch, John Meyer and others were defendants, foreclosing a first mortgage on the lands involved.

Ada C. Jones, joined by her husband, Richard H. Jones, conveyed the land by warranty deed to the complainant, Quinby. Meyer was the owner and holder of a second mortgage to that mortgage which was foreclosed.

While Meyer held his second mortgage and while the complainants in the foreclosure suit were holders of the first mortgage, and before the foreclosure thereof, Meyer purchased certain tax certificates and was the holder of those certificates at the time of the foreclosure. He was a party to the foreclosure suit, but nothing concerning the tax sale certificates was injected into that suit and in that suit Meyer did not claim any lien on the land by reason of being holder of the tax certificates. The bill in that case alleged that he claimed to be the holder of some interest in the property by reason of being the holder of a second mortgage thereon. All this, according to the allegations contained in the record before us.

Meyer demurred to the bill of complaint and moved to dissolve a temporary injunction theretofore granted. The

demurrer was sustained. The temporary injunction was dissolved. From that order appeal was taken.

It seems to us that the law of this case is settled by the opinion and judgment in the case of Gorton, *et ux.*, v. Paine, *et al.,* 18 Fla. 117, wherein the Court said:

"Now the law is unquestionably that a second mortgagee cannot set up a tax title as against a prior mortgagee. 20 Wis. 350; 21 Wis. 262; 40 Iowa 209; 33 Iowa 254; 38 Iowa 550; Jones on Mortgages, 680. The rule upon this subject, as announced by the Supreme Court of Iowa, is that as between a first and second mortgagee of land equity regards the land as a common fund for the payment of both liens, and that it is an act of fraud for a second mortgagee to thus acquire by tax sale a title to the land, and use it to destroy the claim of the prior mortgagee. The second mortgagee in this suit was the holder of the equity of the mortgagor, and stood in his place. Neither the mortgagor nor the second mortgagee, who had the mortgagor's right and equity, could, by tax deed, thus acquire an absolute title as against the prior mortgagee."

While it is true that no obligation rested on Meyer to pay the tax on the land which is represented by the tax certificates, it is nevertheless true that he could not by allowing the land to sell for taxes and buying it in at a tax sale, thereby acquire title adverse to the prior mortgagee and thereby defeat the security of the first mortgagee. Under such circumstances, he would be held to have paid the taxes and to be entitled to re-imbursement to the extent of the tax lien from the proceeds of the foreclosure sale.

In Fair v. Brown, 40 Iowa 209, it was said:

"A mortgagor, or one claiming title under him, cannot defeat the lien of the mortgagee by acquiring a tax title upon the land. Porter v. Lafferty, 33 Iowa 254; Staesr,

Administrator, v. Hollenbeck, 38 Iowa 550; the rule in these cases is based upon the obligation of the mortgagor, or the party claiming under him, to pay the taxes; therefore, the act of the party acquiring title through his own default, is held to be fraudulent. In the case before us, no such obligation rested upon defeudant, for he was simply a lien holder and was bound neither by the law nor contract to pay the taxes which were the foundation of his tax title.

"But in another view, his act is fraudulent against the plaintiff and mortgagor. The land is a common fund for the payment of plaintiff's mortgage and defendant's liens. Defendant was authorized to redeem from the tax sale. Rice v. Nelson, 27 Iowa 148. Equity will not permit him to acquire the title for an inconsiderable sum when he was authorized to remove the trifling encumbrance by redemption. Though not bound to pay the tax, yet it was his right to do so to protect his own liens. He cannot obtain the protection by pursuing a course that will deprive the mortgagee of his security and leave the mortgogor to sustain the weight of the liens, which are personal judgments, after being deprived of his property by tax title. Equity will relieve against such oppression, and teach the grasping creditor moderation in his demands, and that he cannot destroy others to build up his own fortunes."

See also Clermont-Minneola Country Club, Inc., v. Coupland, *et al.*, 106 Fla. 111, 143 So. 133; Kane, *et al.*, v. Eustis, *et ux.*, 106 Fla. 817, 143 Sou. 655.

This is sound because the second mortgagee is the holder of a lien upon the interest of the mortgagor subject to the lien of the prior mortgagee, and, being the holder of such lien upon the interest of the mortgagor, he stands in the same position in this regard, with reference to the holder of the lien created by the first mortgage, in which the mort-

gagor stands and he can no more defeat the rights of the prior mortgagee while being the holder of such lien than he could the mortgagor.

Meyer had his day in court when he was made a party defendant to the foreclosure suit and it was not only his right but his duty in that case to fully present his claims affecting the title to the property involved, and it was his duty at that time to have exhibited his tax certificates and procured an adjudication of his rights as the holder thereof.

We do not mean to determine now the question of whether or not he may yet enforce the payment of the amount of the tax certificates with interest in proper proceedings for that purpose, as that question is not presented to us here.

For the reasons stated, the decree appealed from must be reversed and the cause remanded with directions that the restraining order be reinstated and that further proceedings be had not inconsistent with this opinion.

It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.