CLAUDE G. RIVES, JR., as Trustee, v. BEDA M. ANDERSON, *et al.*

175 So. 897.
Division A.
Opinion Filed July 19, 1937.
Rehearing Denied September 1, 1937.

*Charles M. Moon* and *A. N. Spence,* for Appellant;

*John M. Murrell* and *William H. Malone,* for Appellees.

TERRELL, J.—Appellant, as Trustee, brought a suit in equity against appellees to foreclose a tax deed, the bill of complaint describing "a strip of land marked Miami Biltmore Golf Course, Coral Gables, Riviera Section, Part 4, Plat Book 22, Page 49, in the County of Dade, State of Florida," as covered by the tax deed.

The defendant, M. A. Smith, moved for a better bill of particulars and to require the complainant to file his trust agreement disclosing for whom he was acting as trustee. A new bill of particulars was filed in which it was alleged that complainant was acting for George J. Johnstone under a verbal trust by which a sum of money was placed in his hands equal to the entire amount expended by complainant on the property described in the tax deed, and that complainant holds title to said tax deed in trust for George J. Johnstone.

M. A. Smith then filed his answer and counterclaim in which he alleged that H. & C. Operating Company by Charles M. Moon as president had on the twentieth day of August, 1931, agreed to purchase a certain second mort-

gage held by J. H. Therrell, as Liquidator of the Bank of Bay Biscayne, that said second mortgage covered the lands described in said tax deed and other lands, that on the 26th day of October, 1931, Therrell assigned said second mortgage to H. & C. Operating Company, but that said assignment was never recorded. Smith's counterclaim also alleged that the second mortgage had been foreclosed as to certain property described therein in the name of J. H. Therrell, who assigned his interest in the final decree to George J. Johnstone September 8, 1933, and that the acts of Claude G. Rives, Jr., as Trustee, in attempting to purchase the tax sale certificates and the tax deeds thereon was nothing more nor less than an effort on his part to defeat the lien of cross-complainant, Smith. The counterclaim prayed that all tax liens attempted to be set up in the bill of complaint herein be declared to have been paid in full, that the tax certificates be decreed to be null and void and cancelled, and that the lien of said tax certificates be decreed to be inferior to the lien of cross-complainant's first mortgage.

Complainant answered the counterclaim, testimony was taken, and the master made his finding of law and fact which was excepted to by both parties. The chancellor on final hearing overruled the exceptions of the complainant and sustained those of the defendant and decreed "that as holder of the second mortgage, plaintiff had the right to protect the same by the payment of taxes and add the amount thereof to his mortgage, but by the purchase of the tax certificates, plaintiff did not acquire liens superior in dignity to the first mortgage. He dismissed the bill of complaint as to cross-complainant Smith and the complainant appealed.

Several questions are urged for adjudication, but all parties agree that the ultimate question involved turns on

the fact whether or not when Moon contracted to purchase the second mortgage, he agreed to pay the taxes on the property described therein as part of the consideration for said purchase.

It is settled law in this jurisdiction that if a second mortgage or other junior lien holder voluntarily pays taxes on the mortgaged property to protect his title, he is entitled to be reimbursed for the amount paid, but if he pays them in compliance with his purchase contract as part of the consideration therefor, he is not entitled to be reimbursed for the amount paid. Clermont-Minneola Country Club, Inc., v. Coupland, 106 Fla. 111, 143 So. 133; Kane, *et al.,* v. Eustis, *et al.,* 106 Fla. 817, 143 So. 655.

Neither can a junior mortgagee permit lands covered by his mortgage to sell for taxes, buy said lands at tax sale, and thus acquire title adverse to the senior mortgagee. Under such circumstances as previously stated, he is entitled to be reimbursed in the amount paid, but if he had contracted to pay the taxes, he is not entitled to be reimbursed for them. Quinby v. Meyer, *et al.,* 110 Fla. 445, 148 So. 869; Florida Land Holding Corporation v. Lee, *et al.,* 118 Fla. 107, 159 So. 7; Prudential Insurance Co. v. Baylarian, *et al.,* 124 Fla. 259, 168 So. 7.

On the main question as stated, the master found that complainant's tax deed was not good as a muniment of title because at the time he took it, he was under an agreement to purchase the second mortgage, but under the holding of this Court in Kane v. Eustis, *supra,* Clermont-Minneola Country Club, Inc., v. Coupland, *supra,* and Quinby v. Meyer, *supra,* he held that complainant had a lien for the actual amounts expended for the tax deed and taxes superior to the claim of the first mortgagee, said amount being $2,549.14.

This was in part, the finding to which both parties ex-

cepted and the chancellor found that the plaintiff, as holder of the second mortgage, had a right to protect it by payment of the taxes and add the amount so paid to his mortgage, but that in so doing, he did not acquire a lien superior to the lien of the first mortgage. The chancellor made no finding as to whether or not as part of the purchase price of the second mortgage, the complainant agreed to pay the taxes thereon.

On the ultimate question involved, the original agreement between Therrell, as Liquidator, and Moon, as Trustee, to purchase the second mortgage says nothing whatever about payments of taxes, neither does the original petition to and order of the court approving said agreement mention the payment of taxes. The obligation to pay taxes, so far as the record discloses, was first raised two years after the agreement to sell the second mortgage in a second petition to the court to approve the sale and assignment of the second mortgage to Moon. The latter petition was prepared by a different attorney and at the instance of a new liquidator and for a different principal, none of whom participated in the first transaction, Therrell having been liquidator for the Bank of Bay Biscayne when the second mortgage was sold and M. A. Smith, the present liquidator, was representing the Dade County Security Company.

The question of whether or not Moon in fact agreed to pay taxes as part of the consideration for the purchase of the second mortgage involved a very substantial right of his and must be supported by clear and conclusive proof. Otherwise it cannot be invoked against him.

We find nothing in the record to support the allegation in the second petition that Moon agreed to pay taxes as part of the consideration for the second mortgage except the evidence of Moon and Sanders. The net result of their testimony is that tax certificates had been purchased or

taxes discharged when the second mortgage was sold to Moon. Sanders admitted that he knew nothing of what the agreement was between Therrell and Moon for the purchase and neither Moon or Sanders testified positively that the payment of taxes was intended as part of the consideration for the purchase of the second mortgage.

We find nothing more than inference to support the contention that Moon agreed to pay the taxes as part of the consideration for the second mortgage. If that question is to be disposed of on such a theory, the facts will support a much stronger inference to the contrary. It was certainly the most important element in the contract of purchase and the fact that it was not raised for two years after the contract was made is against it. The evidence is insufficient to support the decree of the chancellor on the main question.

The evidence being insufficient to support an obligation on the part of appellant to Dade County Security Company to pay the taxes on the lands in question, the decree below is accordingly reversed with directions to enter a final decree of foreclosure and complainant be decreed to have a lien superior to that of the first mortgage for the amount of taxes paid by him including his tax deed.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.