## GARRETTSON v. SCOFIELD.

1. **Taxation**: TAX ON PERSONALTY: LIEN. Taxes upon personal property are a lien upon any real estate owned or acquired by the tax payer.

2. **Tax Sale**: PURCHASE BY JUNIOR MORTGAGEE. A junior mortgagee cannot, by purchase at tax sale, acquire a title which shall defeat the lien of the senior incumbrancer.

*Appeal from Washington Circuit Court.*

TUESDAY, SEPTEMBER 19.

THIS is an action for the foreclosure of a mortgage. There was a decree for the plaintiff, and defendants appeal. The facts appear in the opinion.

*H. & W. Scofield*, for appellants.

*Patterson & Rheinart*, for appellee.

ROTHROCK, J.—I. On the 8th day of March, 1872, Enoch G. Whitstine, being the owner of certain real estate, executed

a mortgage thereon to the plaintiff for $525.00, with ten per cent interest, which mortgage was filed for record on the next day. On the 13th day of the same month and year, Whitstine executed another mortgage on the same premises to the defendant, William Scofield, to secure a large sum of money.

Whitstine afterwards, in June, 1873, conveyed said premises by deed to one Jno. W. Morgan. Morgan assumed payment of the mortgages, and agreed to redeem the property from a certain tax sale made Oct. 7th, 1872.

On the said 7th day of October, the real estate in controversy was purchased by the defendant, Wm. Scofield, at a tax sale, and certificate of purchase taken in his name, but the purchase was in fact made for the benefit of the law firm of H. & W. Scofield, of which he was a member. The tax sale was for the delinquent taxes for the years 1870 and 1871, and in addition to the taxes on the real estate there was included in said sale the personal property tax levied against the said Whitstine for the same years, amounting in the aggregate to $109.19. There was a foreclosure of the mortgage given to Scofield, and a sheriff's sale of the premises to him, and he has been in possession thereof since March 9, 1875. The plaintiff's mortgage being prior and superior, the material question in this case is to ascertain the amount to which defendants are entitled by reason of the tax sale and the subsequent payment of taxes.

The court below, in the decree of foreclosure, directed that upon a sale of the property by the sheriff, the proceeds of sale should be applied as follows: 1st. To the payment of the costs of this case. 2d. To the payment of the amount of all taxes paid by *Scofield on the real estate*, with interest at ten per cent from the times of the respective payments. 3d. To the payment of the sum due on plaintiff's mortgage, and the residue, if any, to be paid to Wm. Scofield.

The defendants insist that there should be allowed to them, in addition, the said sum of $109.19 paid at the tax sale on the personal property, and the statute penalties, and interest on all the tax paid at the sale, and on the payments made subsequent to the sale.

In excluding the personal property tax and refusing to make the same a lien prior to plaintiff's mortgage, we think the court below erred. Section 759, of the Revision provides * * * * * * * "And taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire title."

This lien is not a mere personal claim against the owner as contended by appellee's counsel, but it is a charge upon the land. It will be observed that the personal property tax was a lien prior to the execution of plaintiff's mortgage. It was a lien upon the land to the extent of Whitstine's interest, before the mortgage was made.

The treasurer was not bound to sieze and sell the personal property of Whitstine for the personal property tax. Under Sec. 6, Ch. 24 of Acts of Extra Session of Eighth General Assembly, page 33, he may sell the property on which the taxes are levied, or any other personal or real property belonging to the person against whom the taxes are assessed. *Emmerick v. Sloan*, 18 Iowa, 139.

II. The defendant, Scofield, and the plaintiff were both mortgagees, and both claiming interests in the land to the extent of their respective mortgages, and while it **2. TAX SALE: purchase by junior mortgagee.** is true there was no absolute duty resting upon either to pay the taxes, yet they had such an interest in the land as to make it necessary to do so in order to properly protect the title. Under these circumstances we do not believe that payment of the taxes by either at tax sale should entitle him to the statute penalties. See *Fair v. Brown*, 40 Iowa, 209. Scofield having taken the junior mortgage for a large amount, such as we are bound to believe, from subsequent events, it was not expected Whitstine or his grantee would pay; his relation to the plaintiff in this case is more in the nature of a subsequent purchaser from Whitstine, than that of a stranger purchasing at tax sale. At least both were the holders of liens and the payment of taxes was necessary to protect the title. Scofield should be reimbursed for all taxes paid, with interest at 6 per cent per annum, from the

time of the respective payments, but as the court below allowed 10 per cent per annum on the taxes on the real estate, and the plaintiff does not appeal, the decree in that respect will be allowed to stand; and the only modification will be to include, in the taxes to be paid prior to plaintiff's mortgage, the sum of $109.19, with interest at 6 per cent per annum from October 7, 1872, the date of payment at tax sale.

MODIFIED AND AFFIRMED.