## MALLORY v. FRENCH.

1. **Tax Sale:** PRIOR SALE: EVIDENCE. Where one claims under two sales for taxes of the same property, upon the first sale being shown to be void it is competent to introduce the second deed to establish his title.

### *Appeal from Union District Court.*

### THURSDAY, OCTOBER 5.

THE petition alleges that plaintiff is the owner of certain lands described therein, that defendant makes some claim thereto, and asks that his title be established and quieted. Among other defenses relied on is that plaintiff purchased the lands at a tax sale held in July, 1868, and obtained deeds in pursuance to such sale in July, 1871, and that there was unlawful combination among the bidders at such sale; that there was a private and not a public sale. There was a trial and judgment for the plaintiff, and defendant appeals.

*Stone & Ayres,* for appellant.

*Stuart Brothers,* for appellee.

SEEVERS, CH. J.—The plaintiff introduced in evidence four tax deeds, showing a regular sale of the premises in controversy to him in July, 1868, and offered to introduce four other like deeds, showing a sale to him of said premises in October, 1868; to the introduction of these last deeds defendant objected, "because one has no right to acquire a tax deed, and then allow the land to be again sold and buy it in, multiplying deeds as has been done in this case," but said objections were overruled and the deeds admitted in evidence.

It is now claimed that the last named deeds were inadmissible because no such issue was made, and that under the pleadings the only issue was as to the validity of the deeds executed in pursuance of the sale made in July, 1868. No such objection having been made below, it cannot be urged here for the first time. The plaintiff did not, and was not required

to state in the petition when, how, or from whom his title was derived. The defendant in the answer set up for the first time, that plaintiff's title was derived from a tax sale made July, 1868, and alleged that such sale was private and not public, and that there was an unlawful combination among the bidders thereat.

Evidence was introduced tending to prove such allegations, and if it be admitted that the sale made in July, 1868, is void for the reasons alleged, then the plaintiff never had or procured any title under that sale. If void at all it was so from the beginning. Such being the case, it is difficult to see why the plaintiff might not purchase the lands at the tax sale made in October, 1868.

The claim made by the defendant is, that the sale made in July, 1868, is void, and that in October is also void, because of the previous sale. He cannot thus blow hot and cold in the same breath. If there was no sale in July, the plaintiff could well purchase in October, and there being no other objection made to the October sale than the one indicated, it must be held valid, and the judgment of the court below

AFFIRMED.