## PAULSON V. RULE ET AL.

1. **Taxation** : LIEN OF PERSONAL TAXES. Taxes upon personal property are a lien upon any real estate owned by the tax-payer.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, DECEMBER 4.

In April, 1873, James R. McMillin purchased certain real estate and gave a mortgage thereon to secure a portion of the purchase money. At the time the real estate was conveyed to him, and the mortgage executed, there were certain taxes on personal property due from said McMillin, and other taxes on the same description of property were afterward, and before the foreclosure of the mortgage, assessed against him. The mortgage was foreclosed and the premises sold, and the plaintiff is the owner of the real estate under and by virtue of the foreclosure proceedings. The object of this action is to enjoin the defendants from selling the real estate, on the ground that the taxes aforesaid do not constitute a lien thereon superior to a mortgage given for the purchase money.

There was a reference, and the report of the referee confirmed, and judgment rendered for the defendants. The plaintiff appeals.

*B. F. Hartshorn*, for appellant.

*Goodykoontz & Wilber*, for appellees.

SEEVERS, J.—In their answer the defendants alleged that the action was brought for the benefit of J. R. McMillin and S. A.

1. TAXATION: lien of personal taxes.

McMillin, and that the plaintiff had no pecuniary interest therein. The referee so found. It necessarily follows from this finding that at most the judgment as to the plaintiff was error without prejudice. But without doubt James R. McMillin was bound and liable to pay the

taxes, and that the same constituted liens on the real estate is clear. Code, § 865; *Garrettson v. Schofield,* 44 Iowa, 35; *Cummings v. Easton,* 46 Iowa, 183.

Whether such lien is superior to the mortgage given for the purchase money we have no occasion to inquire.

The evidence shows that at the time the plaintiff purchased the real estate he deposited the amount of the taxes in the hands of one Lloyd, and if such money is not used to pay the taxes it is to be applied to the use and benefit of J. R. McMillin, and he cannot escape payment of the taxes in the manner attempted.

AFFIRMED.