## NEAL v. FRAZIER ET AL.

1. **Tax Title**; WHO MAY CLAIM UNDER: INTERESTED PURCHASER. One who is not in possession of land, and whose only claim to an interest therein is based upon a void tax deed, may become a purchaser at a subsequent tax-sale, and procure a treasurer's deed, and claim title thereunder. *Mallory v. French*, 44 Iowa, 133, followed.

*Appeal from Guthrie Circuit Court.*

FRIDAY, APRIL 25.

ACTION TO RECOVER REAL ESTATE. Both parties claim title; the plaintiff under the patent, and the defendant under tax deeds. One of the latter was executed in 1870, and the other in 1874.

In a reply, the plaintiff pleaded facts showing that the tax deed executed in 1870 was void, because there had been no assessment of the land for the years on which it is claimed the taxes were levied. As to the tax deed executed in 1874, it was pleaded in the reply that the purchaser at the tax sale was the same person to whom the deed executed in 1870 was made, and that he claimed title and ownership thereunder, and that, because of this fact, he could not legally acquire a title under the subsequent tax deed. It is also stated in the reply that defendants did not enter into possession of the real estate until 1881. There was a demurrer to the reply, which was sustained, and the plaintiff electing to stand thereon, judgment was entered for the defendants, and plaintiff appeals.

*Fogg, Long & Neal*, for appellant.

*C. Haden* and *McCaughan, Dabney & McCaughan*, for appellees.

SEEVERS, J.—It is conceded by counsel for the appellees that the tax deed executed in 1870 is void. The only ques-

tion, then, is, whether the facts pleaded in the reply are suffi-
cient to avoid the deed executed in 1874. Counsel for the
appellant state the question to be determined in these words:
"While L. is in possession of land, claiming ownership
thereof and title thereto by virtue of a tax deed, he cannot
under these circumstances again buy the land at tax sale, and
acquire any valid title by obtaining a second tax deed
upon such sale." As applied to the facts pleaded in the re-
ply, the foregoing proposition is faulty, for the reason that it
is alleged in the reply that the defendants were not in posses-
sion at the time of the tax sale, and deed made in pursuance
thereof in 1874.

The question, then, is, whether a person who is not in posses-
sion of real estate, but who claims title thereto under a void tax
deed, can become a purchaser at a subsequent tax sale, pro-
cure a treasurer's deed, and thereunder claim title. This
question was determined adversly to appellant in *Mallory v.
French*, 44 Iowa, 133, which is in accord with *Coxe v. Gib-
son*, 27 Pa. St., 165; *Bowman et al. v. Corkrill*, 6 Kan., 331;
and *Blackwood v. Van Vleit*, 30 Mich., 118. The cases
cited by appellant are not applicable, because in those cases
the person who acquired the tax title was in possession and
claiming title at the time of the tax sale. A void title is no
title. We therefore think that defendants can well claim
title under the tax deed of 1874.

AFFIRMED.