NATIONAL SURETY COMPANY v. WARREN WALKER, M. A.
WALKER and D. J. VAN LIEW, Appellants.

**Principal and surety:** RELEASE OF SURETY. A release of property
at plaintiff's direction from a levy under a landlord's writ of
attachment, operates to discharge from liability a surety on
defendant's bond given to secure any judgment for rent which
plaintiff might recover, and to release any other additional
security given by the surety for the same purpose, to the
extent of the value of the property released from the attach-
ment.

*Appeal from O'Brien District Court.*— HON. WM. HUTCHIN-
SON, Judge.

FRIDAY, DECEMBER 16, 1904.*

ACTION by plaintiff, as assignee of a note for $2,800,
executed by defendant Warren Walker, secured by a mort-
gage on certain described real estate of Warren Walker and
his wife, M. A. Walker, to the American Savings Bank, as
security for any judgment which the bank might recover
in an action to enforce a landlord's lien against the Shaver
Carriage Company. A judgment was recovered by the bank
against the carriage company, and on an appeal prosecuted by
the carriage company, with the plaintiff in this action as
surety on the appeal bond, the judgment was affirmed. The

* NOTE.— This opinion is out of chronological order because of a petition for
rehearing, and is here published as modified by the opinion overruling the petition.
—[EDITOR.

bank having assigned the note and mortgage to plaintiff, this action is brought to recover the amount of judgment and costs, less a small payment, the proceeds of a claim made by the bank in bankruptcy proceedings in which the assets of the carriage company were disposed of, and the proceeds distributed among the creditors. The defense interposed was that the bank, while holder of the note and mortgage, had released property of the carriage company, which it held under landlord's attachment, more than sufficient to satisfy its claim. Defendant Van Liew was made a party to the foreclosure proceedings, as claiming title to the mortgaged premises under a tax deed. The trial court rendered judgment in favor of plaintiff against defendant Warren Walker for $1,885.92, and directed the sale of the mortgaged premises to satisfy the judgment, and decreed that the tax title claimed by Van Liew was inferior and subordinate to the lien of the mortgage. The defendants appeal.— *Reversed.*

*Warren Walker,* for appellants.

*Berryhill & Henry,* for appellee.

McCLAIN, J.— It is not questioned that the note in suit was executed by Warren Walker to the American Savings Bank, plaintiff's assignor, " as additional security to the bank for payment of any judgment that may be obtained " in a pending suit in which the bank was suing the Shaver Carriage Company for rent, and in which two landlord's attachments had already been issued, under which property of the value of $3,500 had been seized. It appears that the note and mortgage were executed in connection with a bond signed by the Shaver Carriage Company (by Warren Walker, secretary) and W. T. Shaver, as principals, and by Warren Walker individually, as security for the payment of any judgment that the bank might recover against the carriage company and W. T. Shaver in the action for rent. In the

bond it was agreed that the consideration therefor was " the waiving of the levy of any further landlord's attachments in the above-entitled cause, but in no case is the landlord's lien waived; but it is agreed that the said landlord's lien is still in force and effect the same as if no bond had been given, the intention being to simply waive the right to levy further landlord's attachments until judgment shall be rendered in the above-entitled cause." It further appears that after the execution of this bond the attorneys for the bank, in writing, directed the sheriff to release any property held under landlord's attachment issued in the case, and that in consequence of this direction the sheriff released to the carriage company and Shaver the property which had already been levied upon under attachment prior to the execution of the bond, and that this property was in part disposed of by the carriage company, and in part was taken possession of by the trustee in the bankruptcy proceedings, and disposed of as assets of the company.

It is to be noticed that in the bond above described, in connection with which the note and mortgage in suit were executed as a part of the same transaction, there was no stipulation as to the release of property on which levy had already been made, and which was then held by the sheriff under the landlord's attachment. The property thus levied upon and in the possession of the sheriff was the property of the debtors, the carriage company and Shaver. Walker became liable only as surety. We find no authority in the bond, nor consent outside of the bond on the part of the surety, Walker, that the property thus levied on, and subject to be applied to the payment of any judgment rendered in the pending action, should be released. As the bank had, therefore, a lien on the debtor's property, the effect of the release of this lien was to discharge the surety, Walker, to the extent of the value of the property so released; and, as the value of the property released exceeded the amount of the claim finally established as against the principal debtor, no

claim can be enforced in this action against the surety, either on the bond, or on the note and the mortgage executed by him as a part of the same transaction in which the bond was given.    That the release of the debtors' property constitutes a release *pro tanto* of the liability of the surety is a proposition so well settled that no citation of authorities is called for.    The trial court therefore erred in rendering judgment against appellant, Warren Walker, and in directing the foreclosure of the mortgage.— *Reversed*.

BISHOP, J., taking no part.